The Honorable Robert S. Lasnik

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| S.L., by and through his parents and guardians, J.L. and L.L., <br><br> Plaintiff, <br><br> v. <br><br> PREMERA BLUE CROSS, AMAZON CORPORATE LLC GROUP HEALTH AND WELFARE PLAN, and AMAZON CORPORATE LLC, <br><br> Defendants. | NO. 2:18-cv-01308-RSL <br><br> PLAINTIFF'S UNOPPOSED MOTION TO USE PSEUDONYM <br><br> **Noted for Consideration: September 21, 2018** |

## I. INTRODUCTION

Pursuant to Federal Rules of Civil Procedure 26(c) and LCR 5(g), Plaintiff S.L. hereby moves the Court for an order permitting Plaintiff, his father, J.L., and his mother, L.L., to litigate this case using their initials as pseudonyms. This Motion further seeks an order directing all parties to redact their names and all personally identifying information (such as addresses and social security numbers) from any publicly filed documents.

Plaintiff S.L. is a young person with severe mental health and substance abuse conditions. *See* ECF No. 1, ¶¶19-24. He and his parents have not disclosed his diagnoses or treatment except to a small group of family, friends and medical providers. J.L. Decl.,

PLAINTIFF'S UNOPPOSED MOTION
TO USE PSEUDONYM – 1
[Case No. 2:18-cv-01308-RSL]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER
701 FIFTH AVENUE, SUITE 2560
SEATTLE, WASHINGTON 98104
TEL. (206) 223-0303   FAX (206) 223-0246

¶¶2–3. His father fears that public disclosure of this information could subject S.L. to harm, embarrassment and other injury. *See id.*

Defendants do not oppose the use of pseudonyms in this case. Hamburger Decl. ¶3. Defendants have a legal obligation to protect Plaintiff's identity and health information. *See, e.g.,* RCW 70.02; 45 C.F.R. §§ 160.102; 160.103; 164.502(a). Moreover, use of pseudonyms does not prejudice Defendants and is the least restrictive means of protecting Plaintiff from disclosure of his protected health information. Defendants were provided with identities of the Plaintiff and his parents. Hamburger Decl., ¶2. Redacting the identities of Plaintiff and his parents, rather than Plaintiff's medical condition, is the least restrictive method of protecting Plaintiff's privacy, while allowing public access to the key issues at stake in this case.

"[A] party may preserve his or her anonymity in judicial proceedings in special circumstances when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." *Does I thru XXIII v. Advanced Textile Corp.,* 214 F.3d 1058, 1068 (9th Cir. 2000) [hereinafter "*Advanced Textile*"]. Where there is no prejudice to or objection from a defendant, and the public interest weighs in favor of having a plaintiff vindicate his rights, courts permit the use of pseudonyms. *See id*. This Court should permit Plaintiff to proceed using his initials, S.L., and those of his parents, J.L. and L.L., and order the parties to file all briefing and evidence with the Court with their names redacted to only their initials and with all personally-identifying information redacted.

## II.  FACTS

Plaintiff S.L. was a minor in 2016 when he sought treatment from Catalyst, a licensed residential mental health treatment facility. ECF No. 1, ¶1. S.L. had been had been hospitalized due to suicidal ideation, self-harm, anxiety and escalating substance

PLAINTIFF'S UNOPPOSED MOTION
TO USE PSEUDONYM – 2
[Case No. 2:18-cv-01308-RSL]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER
701 FIFTH AVENUE, SUITE 2560
SEATTLE, WASHINGTON 98104
TEL. (206) 223-0303   FAX (206) 223-0246

abuse. *Id.*, ¶20. He was diagnosed with Generalized Anxiety Disorder, Oppositional Defiant Disorder, Attention Deficit Disorder and substance use disorders. *Id.*, ¶19.

In order to protect S.L.'s privacy, freedom from stigma, and the physical and mental harm that could result from public disclosure of his condition, his father has kept the details of S.L.'s condition private. J.L. Decl., ¶2. He only told a few close friends, family and health care providers about the specifics of S.L.'s diagnosis, his suicide attempts, his need for treatment and this dispute with United Healthcare. *Id*. J.L. is concerned that if his son's identity were disclosed in this litigation, the stigma attached to diagnosis with serious mental illness, suicidality and substance abuse conditions could impact S.L.'s ability to attend the college of his choice, obtain future employment, rent housing and other activities. *Id.*,¶3. S.L.'s father is concerned that if S.L.'s identity were disclosed, it could result in a deterioration of S.L.'s mental and physical health. *Id*. If the Court were to rule that S.L.'s identity would be public, both S.L. and his parents would seriously consider dropping the lawsuit. *Id.*

### III.  ARGUMENT

**A.   Legal Standard**

The Ninth Circuit has recognized a constitutionally protected interest in avoiding disclosure of personal matters, including medical information. *Doe v. Beard*, 2014 U.S. Dist. LEXIS 95643, *12-*16 (C.D. Cal. July 14, 2014) (*citing cases*). The result of such disclosure can be embarrassment, annoyance or more serious harm such as employment or other discrimination, social ostracism or even violence. *See Doe v. Beard,* 63 F. Supp. 3d 1159, 1164 (C.D. Cal. 2014). Plaintiffs seeking to use a pseudonym must show that their need for privacy outweighs any prejudice to the opposing party and the public's interest in knowing their identity. *Advanced Textile,* 214 F.3d at 1068. Where, as here, a plaintiff's condition is "freighted with the high risk of stigmatization," courts will generally allow the plaintiff to proceed using a pseudonym, such as initials. *Id.*

PLAINTIFF'S UNOPPOSED MOTION
TO USE PSEUDONYM – 3
[Case No. 2:18-cv-01308-RSL]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER
701 FIFTH AVENUE, SUITE 2560
SEATTLE, WASHINGTON 98104
TEL. (206) 223-0303   FAX (206) 223-0246

"In general, federal courts balance the severity of emotional distress or mental injury the plaintiff appears likely to suffer against the unfairness or prejudice that defendant will suffer if plaintiff is allowed to proceed anonymously, and the public's interest in knowing the identities of all litigants." *Doe v. JBF RAK LLC,* 2014 U.S. Dist. LEXIS 146985, at *9 (D. Nev. Oct. 15, 2014). Where defendants suffer no prejudice, courts will often allow a plaintiff who fears psychological or other harm as a result of public disclosure to proceed anonymously. *See, e.g., Doe v. Cty. of El Dorado*, 2013 U.S. Dist. LEXIS 169883, at *14 (E.D. Cal. Dec. 2, 2013); *Doe v. Penzato*, 2011 U.S. Dist. LEXIS 51681, at *13 (N.D. Cal. May 13, 2011).

**B.    Use of a Pseudonym Is the Least Restrictive Method to Ensure Plaintiff S.L. Is Not Harmed by Disclosure of his Protected Health Information.**

Plaintiff S.L. has a recognized privacy interest in maintaining his privacy and avoiding public disclosure of his various mental health and substance use conditions. *See* RCW 70.02. Plaintiff and his parents have sought to keep the details of his condition private. J.L. Decl., ¶¶2–3. They have revealed this information only to a small set of close friends, family and health care providers. *Id.* S.L.'s father is concerned that public disclosure of his identity along with the details of his mental health records could cause serious psychological harm and trauma. *Id.* This fear is well-grounded. "Unfortunately, in our society, there is a significant stigma associated with being identified as suffering from a mental illness." *Doe v. Provident Life & Accident Ins. Co.*, 176 F.R.D. 464, 468 (E.D. Pa. 1997) [hereinafter "*Provident Life & Accident*"].

Redaction of S.L.'s identity and that of his parents, while allowing disclosure of his de-identified medical and mental health information, is the least restrictive method to protect him from harm. *Doe v. Stegall*, 653 F.2d 180, 185 (5th Cir. 1981) ("Party anonymity does not obstruct the public's view of the issues joined or the court's performance in resolving them."). The alternative – redacting every mention of S.L.'s

PLAINTIFF'S UNOPPOSED MOTION
TO USE PSEUDONYM – 4
[Case No. 2:18-cv-01308-RSL]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER
701 FIFTH AVENUE, SUITE 2560
SEATTLE, WASHINGTON 98104
TEL. (206) 223-0303   FAX (206) 223-0246

specific mental illness and substance use disorders – is far more burdensome for the parties and restricts from public view the specific issues at the heart of this dispute.

**C.    Permitting the Use of Pseudonyms Does Not Prejudice Defendants.**

Defendants do not oppose the use of a pseudonym. *See* Hamburger Decl., ¶3. They suffer no prejudice from the use of pseudonyms in the publicly filed documents. Plaintiff's counsel has disclosed the identities of Plaintiff and his parents to counsel for Defendants. *Id.*, ¶2. Plaintiff will permit Defendants to conduct discovery into S.L.'s condition, subject to an appropriate protective order. *Id.* All that Plaintiff seeks in this motion is redaction of his and his parents' names from the publicly filed documents in this case. "Courts generally find little to no risk of unfairness to an accused defendant … where discovery does not appear to be inhibited by the plaintiff's desire to proceed anonymously." *Doe v. Cabrera*, 307 F.R.D. 1, 8 (D.D.C. 2014); *Doe No. 2 v. Kolko*, 242 F.R.D. 193, 198 (E.D.N.Y. 2006) (*same*).

**D.    The Public Interest is Served by Allowing this Case to be Filed Using Pseudonyms.**

While redaction will keep S.L.'s identity from being known by the public, "[t]he public also has an interest in seeing this case decided on the merits." *Advanced Textile,* 214 F.3d at 1073. Allowing the use of a pseudonym will ensure that this lawsuit will move forward and serves the public interest. *Id.*; *see also Provident Life & Accident*, 176 F.R.D. at 468 ("[T]he public has an interest in preventing the stigmatization of litigants with mental illnesses. Further, Plaintiff's identity should be protected in order to avoid deterring people with mental illnesses from suing to vindicate their rights."). Conversely, there is little or no interest in public disclosure of Plaintiff's name or that of his parents. Defendants, S.L.'s providers and most other likely witnesses are constrained by state and federal law from such disclosure. *See* 45 C.F.R. §§ 160.102; 160.103; 164.502(a); RCW 70.02.

PLAINTIFF'S UNOPPOSED MOTION
TO USE PSEUDONYM – 5
[Case No. 2:18-cv-01308-RSL]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER
701 FIFTH AVENUE, SUITE 2560
SEATTLE, WASHINGTON 98104
TEL. (206) 223-0303   FAX (206) 223-0246

### IV.  CONCLUSION

Consistent with *Advanced Textile,* the Court should (1) permit Plaintiff to litigate this case using his initials and that of his parents as pseudonyms; (2) require all parties to use "S.L." for Plaintiff, "J.L." for the name of his father, "L.L." for the name of his mother; and (3) require all parties to file pleadings and other documents filed with the Court with all personally-identifying information (such as address, social security numbers, telephone numbers) about S.L., J.L. and L.L. redacted.

DATED:  September 12, 2018.

> SIRIANNI YOUTZ
> SPOONEMORE HAMBURGER
>
>   *s/ Eleanor Hamburger*
> Eleanor Hamburger (WSBA #26478)
> Richard E. Spoonemore (WSBA #21833)
>   701 Fifth Avenue, Suite 2560
>   Seattle, WA  98104
>   Telephone:  (206) 223-0303
>   Facsimile:  (206) 223-0246
>   ehamburger@sylaw.com
>   rspoonemore@sylaw.com
>
> MEGAN E. GLOR ATTORNEYS AT LAW
>
>   *s/ Megan E. Glor*
> Megan E. Glor (OSB #930178)
> *(pro hac vice application to follow)*
>   707 NE Knott St Ste 101
>   Portland, OR  97212
>   Telephone:  (503) 223-7400
>   Facsimile: (503) 751-2071
>   megan@meganglor.com
>
> Attorneys for Plaintiff S.L.

PLAINTIFF'S UNOPPOSED MOTION
TO USE PSEUDONYM – 6
[Case No. 2:18-cv-01308-RSL]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER
701 FIFTH AVENUE, SUITE 2560
SEATTLE, WASHINGTON  98104
TEL. (206) 223-0303   FAX (206) 223-0246

### CERTIFICATE OF SERVICE

I hereby certify that on September 12, 2018, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

- **Eleanor Hamburger**
  ehamburger@sylaw.com, matt@sylaw.com, stacy@sylaw.com, theresa@sylaw.com

- **Gwendolyn C. Payton**
  GPayton@kilpatricktownsend.com, abianco@kilpatricktownsend.com, irountree@kilpatricktownsend.com

- **Richard E Spoonemore**
  rspoonemore@sylaw.com, matt@sylaw.com, rspoonemore@hotmail.com, stacy@sylaw.com, theresa@sylaw.com

I further certify that I have mailed by United States Postal Service the document to the following non CM/ECF participants:

- (No manual recipients)

DATED: September 12, 2018, at Seattle, Washington.

*/s/ Eleanor Hamburger*
Eleanor Hamburger (WSBA #26478)
ehamburger@sylaw.com

PLAINTIFF'S UNOPPOSED MOTION
TO USE PSEUDONYM – 7
[Case No. 2:18-cv-01308-RSL]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER
701 FIFTH AVENUE, SUITE 2560
SEATTLE, WASHINGTON 98104
TEL. (206) 223-0303   FAX (206) 223-0246