The Honorable Robert S. Lasnik

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| S.L., by and through his parents and guardians, J.L. and L.L.,<br><br>Plaintiff,<br><br>v.<br><br>PREMERA BLUE CROSS, AMAZON CORPORATE LLC GROUP HEALTH AND WELFARE PLAN, and AMAZON CORPORATE LLC,<br><br>Defendants. | NO. 2:18-cv-01308-RSL<br><br>PLAINTIFF'S MOTION TO COMPEL DISCOVERY<br><br>**Noted for Consideration:**<br>   **March 26, 2021** |

### I.  INTRODUCTION

Plaintiff S.L. moves to compel the Rule 30(b)(6) deposition of Premera Blue Cross ("Premera"). The topics for the deposition relate solely to the InterQual coverage criteria used by Premera when it denied S.L.'s request for continued residential mental health coverage through the Amazon Corporate LLC Group Health and Welfare Plan (the "Plan"). *See* Glor Decl., *Exh. G*. The deposition sought is entirely consistent with the Court's Order regarding plaintiff's previous Motion to Compel. *See* Dkt. #47. Nonetheless, Premera refuses to produce any witnesses for this deposition.

This discovery is relevant and necessary for this litigation. Plaintiff alleges that Premera adopted the InterQual Criteria and applied them to S.L.'s claim, imposing

PLAINTIFF'S MOTION TO
COMPEL DISCOVERY - 1
[Case No. 2:18-cv-01308-RSL]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON 98121
TEL. (206) 223-0303   FAX (206) 223-0246

conditions for coverage more restrictive than those stated in the Plan, in breach of its fiduciary duties as a Plan administrator under ERISA. *See* Dkt. #28, pp. 15-21. Plaintiff contends that Premera adopted the InterQual Criteria to minimize coverage of expensive mental health treatment and in disregard of generally accepted standards and the Plan terms. Accordingly, plaintiff sought discovery of the motivation, rationale and process that led to Premera to adopt and apply the InterQual Criteria. *Id.*

The Court previously found this information to be discoverable and granted plaintiff's motion to compel responses to plaintiff's Second Requests for Production. Dkt. #47. Defendants produced approximately 1,100 pages of responsive documents. The documents, however, do not provide the complete information that plaintiff seeks. Specifically, the written discovery, standing alone, does not reveal the rationale behind Premera's decision to adopt the InterQual Criteria, including the medical, legal, economic and other factors Premera reviewed or any alternatives Premera considered. A Rule 30(b)(6) deposition of Premera is necessary to complete the discovery authorized by the Court.

Organizational depositions serve a unique function in discovery that cannot be replicated through the production of only written documents. "Because of its nature, the deposition process provides a means to obtain more complete information and is, therefore, favored." *Great Am. Ins. Co. of N.Y. v. Vegas Constr. Co.*, 251 F.R.D. 534, 539 (D. Nev. 2008). A party cannot simply argue that its documents fully state the party's position. *Id.* And any burden related to preparing a Rule 30(b)(6) witness is part of "the privilege of being able to use the corporate form to conduct business." *Id.* at 540.

Because the information plaintiff seeks is relevant, necessary conflict discovery, as discussed in the Court's prior order, defendants should be ordered to designate one or more organizational representatives to appear for deposition to testify in accordance with plaintiff's notice.
PLAINTIFF'S MOTION TO
COMPEL DISCOVERY - 2
[Case No. 2:18-cv-01308-RSL]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON 98121
TEL. (206) 223-0303   FAX (206) 223-0246

## II.  STATEMENT OF FACTS

**A.  Background**

This action arises under the Employee Retirement Security Act of 1974 ("ERISA"). Plaintiff S.L., by and through his parents, seeks coverage for his mental health treatment at Catalyst, a residential treatment center in Utah. Plaintiff received coverage under the Plan through his father, an Amazon employee. Amazon Corporate LLC ("Amazon") self-insures and administers the Plan, and Premera serves as the claims processor.

Prior to receiving treatment at Catalyst, plaintiff was treated at Northwest Behavioral Healthcare Services ("NBHS") in January 2016 for "escalated substance use, anxiety, ADHD, suicidal ideation, and self harm." Dkt. #29-9. On February 18, 2016, plaintiff was transferred to Evoke Therapy Programs ("Evoke"), where he remained until May 16, 2016. *See* Dkt. #29-10. Premera covered his treatment at both NBHS and Evoke as medically necessary. Plaintiff began treatment at Catalyst on May 17, 2016.

On May 16, 2016, Premera denied a preauthorization request for plaintiff's treatment at Catalyst as not medically necessary. *See* Dkts. #29-5, #29-6. On September 19, 2016, plaintiff's parents initiated a first-level appeal. *See* Dkt. #29-8. Defendants denied plaintiff's appeal on September 26, 2016. *See* Dkts. #29-11, #29-13. Plaintiff's parents submitted a second-level appeal on November 16, 2016. *See* Dkt. #29-12, which defendants denied on December 20, 2016. *See* Dkt. #29-15. Plaintiff then initiated this action, pursuant to ERISA, to challenge defendants' claim denial.

**B.  The Court Granted Plaintiff's Prior Motion to Compel Discovery.**

In August 2020, the Court granted plaintiff's motion to compel document production, concluding Plaintiff's Second Requests for Production of Documents ("Plaintiff's RFP") was "discovery related to defendants' adoption and utilization of the InterQual Criteria for claims processing," which "Plaintiff alleges … is relevant to his claims that defendants adopted and applied the InterQual Criteria in breach of their

PLAINTIFF'S MOTION TO
COMPEL DISCOVERY - 3
[Case No. 2:18-cv-01308-RSL]

Sirianni Youtz
Spoonemore Hamburger pllc
3101 Western Avenue, Suite 350
Seattle, Washington 98121
Tel. (206) 223-0303   Fax (206) 223-0246

fiduciary duties, and that a structural conflict of interest adversely affected Premera's benefits determination." Dkt. #47, p. 2. The Court rejected defendants' argument that "plaintiff should not be permitted to conduct discovery of this information because evidence in this ERISA action is limited to the administrative record." *Id.*, pp. 2-3. The Court also rejected defendants' arguments that "(1) no conflict of interest exists here, and (2) the discovery plaintiff seeks is irrelevant to any possible conflict of interest." *Id.*, p. 3 (citing Dkt. #31, pp. 6-12).

In granting plaintiff's motion to compel, the Court stated, "Plaintiff has pointed to evidence showing that a conflict of interest may indeed have impacted defendants' benefits determination" and that "Plaintiff has demonstrated that Premera's second-level appeal panel did not include a mental health specialist, and that one of the appeal panelists expressed a strong disinclination for residential treatment centers, despite clear Plan language describing medically necessary coverage of residential mental health treatment." *Id.*, pp. 3, 4. The Court concluded Plaintiff's RFP was "relevant and narrowly tailored" to "determining the weight to assign to any 'potential conflict of interest and evaluating whether [Premera] abused its discretion'" and ordered defendants to respond, without limitation. *Id.*, p. 4.

C. **A Rule 30(b)(6) Deposition of Premera is Necessary.**

Pursuant to the Court's Order compelling discovery, defendants served Revised Objections and Responses to Plaintiffs' RFP and initially produced approximately 600 pages of documents. Glor Decl., ¶¶2-3, *Exhs. A, B*. After reviewing defendants' document production, plaintiff's counsel informed defendants' counsel on October 22, 2020:

> **the InterQual [document] discovery ... does not provide the information we are seeking**, regarding: the process by which defendants adopted the criteria; any investigations undertaken re: medical soundness, standard of care, and

PLAINTIFF'S MOTION TO
COMPEL DISCOVERY - 4
[Case No. 2:18-cv-01308-RSL]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON 98121
TEL. (206) 223-0303   FAX (206) 223-0246

> consistency with the plan's terms; cost considerations and alternatives considered. **We believe we will need to conduct one or more 30(b)(6) depositions to obtain this information**.

*Id.*, ¶4, *Exh. C* (emphasis added). In response, defendants' counsel advised: "We have found some more responsive documents…. Take a look at those when you get them." *Id.*, ¶5, *Exh. D*. On November 5, 2020, defendants produced approximately 520 additional pages of documents. *Id.*, ¶6, *Exh. E*.

The documents defendants produced consist of, *inter alia*, documentation regarding McKesson Corporation, InterQual, the development of InterQual Criteria, Premera's Utilization Management Program, the use of InterQual guidelines, and Premera's implementation of InterQual Guidelines. *Id.*, ¶7. While defendants' production includes meeting notes in which Premera reviewed InterQual guidelines, none of the documents produced reveal the process by which defendants adopted the InterQual Criteria; investigations undertaken regarding medical soundness, standard of care, and consistency with the Plan's terms; cost considerations and alternatives considered. *Id.* Accordingly, on November 12, 2020, plaintiff's counsel advised defendants' counsel:

> I have reviewed the additional documents. We will need to take one or more 30(b)(6) depositions regarding the process by which Premera adopted the McKesson/Interqual criteria, as I mentioned in my 10/22 email.

*Id.*, ¶8, *Exh. F*. On November 24, 2020, plaintiff served a Notice of Rule 30(b)(6) Deposition, designating the topics for deposition as:

1. All aspects of Premera's adoption of the Interqual criteria in 2016…

2. All aspects of Premera's Mental Health Parity Non-Quantitative Treatment Limitation MHPAEA analysis in 2016…

3. All aspects of Premera's contract with Interqual…

PLAINTIFF'S MOTION TO
COMPEL DISCOVERY - 5
[Case No. 2:18-cv-01308-RSL]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON 98121
TEL. (206) 223-0303   FAX (206) 223-0246

      4.  All aspects of how Premera, including through its employees and agents, applies the Interqual Criteria….

*Id.*, ¶9, *Exh. G*, pp. 2-4.

**D.    Defendants Refuse to Appear for the Rule 30(b)(6) Deposition.**

After serving the notice of deposition, plaintiff's counsel followed up, asking defendants' counsel in an email dated December 4, 2020, whether Premera "will agree to the 30b6 deposition(s) or do we need to take this up by motion?" *Id.*, ¶10, *Exh. H*. Defendants' counsel stated in response:

> We have taken a look at this and believe it is far too broad. These questions do not go to conflict of interest. We have done a fairly exhaustive search and produced numerous documents. We have not discovered any evidence that there was any analysis of the particular medical policy related to Residential Treatment Centers when deciding to purchase the InterQual product. Nor is there any analysis of how that (or any) medical policy would affect claims. Indeed, the documents on the issue of why Premera chose InterQual are all very consistent – InterQual is nationally-recognized and accepted, and used by most hospitals in our area. Also, McKesson was able to provide a technologically integrated product that worked with Premera's existing Facets claims system that would make review more efficient and help shorten turn-around time. That is really all there is to this issue.

*Id.*, ¶11, *Exh. I*. On December 10, 2020, the parties held a meet-and-confer telephone conference, which did not resolve the dispute. *Id.*, ¶12.

### III.  ARGUMENT

**A.    The Information Plaintiff Seeks is Discoverable.**

This Court concluded in its August 17, 2020 Order that the information plaintiff seeks through the present motion is discoverable:

PLAINTIFF'S MOTION TO
COMPEL DISCOVERY - 6
[Case No. 2:18-cv-01308-RSL]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON 98121
TEL. (206) 223-0303   FAX (206) 223-0246

> Despite defendants' assertions to the contrary, "[p]laintiff is not seeking to take [document] discovery on the off chance that [he] will uncover a conflict of interest: [he] already has evidence of irregularities in the claims handling procedure that resulted in the [denial] of benefits." <u>Vancleave v. Boeing Co. Non-Union Long Term Disability Plan</u>, No. C09-1512RSL, 2010 WL 8946093, at *2 (W.D. Wash. June 15, 2010). **In determining the weight to assign to any potential conflict of interest and evaluating whether the administrator abused its discretion, the Court must consider all the facts and circumstances regarding the benefits determination**. <u>See Abatie</u>, 458 F.3d at 967-68. **The discovery plaintiff seeks is relevant and narrowly tailored to these issues, on which the Court will likely hear evidence**. <u>See Vancleave</u>, 2010 WL 8946093, at *2. Accordingly, plaintiff's motion to compel production of documents responsive to his Second Requests for Production is GRANTED.

Dkt. #47, pp. 4-5 (emphasis added). Because Premera's document production did not reveal the motivation, rationale and process that led to Premera adopting and applying the InterQual Criteria, plaintiff seeks to conduct an organizational deposition or depositions to obtain that information.

The organizational deposition is entirely consistent with the federal rules. *See* Fed. R. Civ. P. 30(b)(6); *Vantage Mobility Int'l, LLC v. Kersey Mobility, LLC*, No. CV-19-04684-PHX-JJT, 2021 U.S. Dist. LEXIS 7893, at *3 (D. Ariz. Jan. 15, 2021) ("The corporation must identify and prepare its witnesses so that they may give complete, knowledgeable and binding answers on behalf of the corporation."). It is also consistent with conflict of interest discovery authorized in ERISA litigation. *See Gray v. UNUM Life Ins. Co. of Am.*, 2018 U.S. Dist. LEXIS 162230, at *17 (C.D. Cal. Sep. 21, 2018) (authorizing Rule 30(b)(6) deposition for conflict of interest discovery); *Estate of Marilyn Burgard v. Bank of Am., N.A.*, 2016 U.S. Dist. LEXIS 194021, at *24 (D. Nev. Sep. 9, 2016) (same); *Santos v. Quebecor World Long Term Disability Plan*, 254 F.R.D. 643, 651 (E.D. Cal. 2009) (same). The topics

PLAINTIFF'S MOTION TO
COMPEL DISCOVERY - 7
[Case No. 2:18-cv-01308-RSL]

S<small>IRIANNI</small> Y<small>OUTZ</small>
S<small>POONEMORE</small> H<small>AMBURGER</small> PLLC
3101 W<small>ESTERN</small> A<small>VENUE</small>, S<small>UITE</small> 350
S<small>EATTLE</small>, W<small>ASHINGTON</small> 98121
T<small>EL</small>. (206) 223-0303   F<small>AX</small> (206) 223-0246

about which deposition testimony is sought are narrowly tailored to the specific discovery topics that the Court already authorized.

B.  **Defendants' Objections Are Without Merit.**

In opposing plaintiff's Rule 30(b)(6) deposition request, defendants' counsel stated:

- The information plaintiff seeks "do[es] not go to conflict of interest."

- The request is "far too broad."

- Defendants have "not discovered any evidence that there was any analysis of the particular medical policy related to Residential Treatment Centers when deciding to purchase the InterQual product"; rather, "the documents on the issue of why Premera chose InterQual are all very consistent – InterQual is nationally-recognized and accepted, and used by most hospitals in our area."

Glor Decl., ¶11, *Exh. I*. Each objection is unavailing.

1.  **Plaintiff seeks narrowly tailored discovery, as authorized by the Court.**

The Court previously concluded that the information plaintiff seeks is discoverable. *See* Dkt. #47, pp. 4-5. Plaintiff, in his first motion to compel, explained that the administrative record "reveals that [Premera] rushed to a denial decision and failed to consider material evidence," and "failed to communicate with S.L.'s providers to ensure that it had reached a correct decision and that it had obtained all additional material information." *See* Dkt. #28, p. 5. He showed that Premera's rush to judgment continued in its review of plaintiff's first-level appeal, citing evidence that Premera responded to plaintiff's complaints about the cursory review by "merely arrang[ing] for a single brief call between a Catalyst representative and a Premera medical director" and failing to "use the call to gather additional or missing information." *Id*. Plaintiff showed that Premera denied the first-level appeal based upon a consultant's review of the records of a single day—the day of S.L.'s transfer to Catalyst—which violated even the

PLAINTIFF'S MOTION TO
COMPEL DISCOVERY - 8
[Case No. 2:18-cv-01308-RSL]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON 98121
TEL. (206) 223-0303  FAX (206) 223-0246

InterQual Criteria. *Id.*, pp. 6-7. He offered evidence that Premera's file reviewer did not consider whether the InterQual Criteria upon which Premera relied were consistent with the Plan's terms. *Id.*, p. 8. Plaintiff showed the Premera consultant also erroneously applied the InterQual Criteria. *Id.*, p. 9. Plaintiff argued that Premera compounded its many previous errors in its second-level review, when it: (1) failed to consult a mental health specialist; (2) assessed S.L.'s need for residential treatment on the single day of his admission to Catalyst; and (3) ignored altogether the Plan language as well as generally accepted medical standards for residential mental health treatment. *Id.*, pp. 9-10.

Citing these facts, this Court concluded: "Plaintiff has pointed to evidence showing that a conflict of interest may indeed have impacted defendants' benefits determination." *See* Dkt. #47, p. 3. The Court deemed all categories discoverable and granted plaintiff's motion without limitation. *Id.*, pp. 4-5 ("The discovery plaintiff seeks is relevant and narrowly tailored to these issues, on which the Court will likely hear evidence….").

Plaintiff seeks to learn through deposition testimony the information he initially sought via document discovery. Plaintiff seeks testimony regarding: "[a]ll aspects of Premera's adoption of the Interqual criteria in 2016…"; "[a]ll aspects of Premera's Mental Health Parity Non-Quantitative Treatment Limitation MHPAEA [Mental Health Parity and Addiction Equity Act] analysis in 2016…"; "[a]ll aspects of Premera's contract with Interqual…"; and "All aspects of how Premera, including through its employees and agents, applies the Interqual criteria…." *See* Glor Decl., *Exh. G*, p. 4. These topics mirror plaintiff's prior document requests. *See* Dkt. #29, *Exh. B*. Specifically, plaintiff requested documentation of the basis for defendants' decision to adopt and apply the InterQual Criteria and the participants in the decisions and application of the InterQual Criteria (Request 6); defendants' consideration of policy terms, standard of care, cost, financial impact in adopting and applying the InterQual Criteria (Requests 6-11, 13); whether

PLAINTIFF'S MOTION TO
COMPEL DISCOVERY - 9
[Case No. 2:18-cv-01308-RSL]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON 98121
TEL. (206) 223-0303   FAX (206) 223-0246

defendants considered alternative criteria (Request 12); training and instruction regarding application of the InterQual Criteria (Requests 14, 15); and analysis of financial impact resulting from the adoption and implementation of the InterQual Criteria (Requests 16-21).

### 2.  The Rule 30(b)(6) deposition is proper "conflict" discovery.

Like plaintiff's first motion to compel, plaintiff's present motion seeks to discover through deposition testimony "the process by which Defendants adopted the InterQual Criteria, including the extent to which Defendants investigated efficacy and appropriateness of the criteria and the treatment that they were denying S.L. under the Plan," "whether Defendants investigated to ensure the InterQual criteria were consistent with the Plan's terms" and "the extent to which cost reduction was a motivation in Defendants' adoption of the InterQual criteria and in adjudicating S.L.'s claim and whether Defendants considered adopting alternatives to the InterQual criteria." Dkt. #28, pp. 19-20. Plaintiff seeks "to learn what steps Defendants took to ensure the InterQual Guidelines were consistent with the Plan's express terms and met the standard of care, and the extent to which financial incentives played a role in Defendants' decision to adopt the InterQual Guidelines." Dkt. #32, p. 7. Plaintiff argued that this is precisely the sort of evidence the court in *Wit v. United Behavioral Health*, 2019 U.S. Dist. LEXIS 35205, *208-209 (N.D. Cal. Feb. 28, 2019), considered in concluding that UBH had breached its fiduciary duties and abused its discretion by adopting and relying upon criteria. *See* Dkt. #28, p. 20.

This Court agreed. It was "not persuaded by defendants' assertions that (1) no conflict of interest exists here, and (2) the discovery plaintiff seeks is irrelevant to any possible conflict of interest." Dkt. #47, p. 3. The Court found that plaintiff had identified sufficient evidence to warrant discovery related to conflict of interest. *Id*. Defense

PLAINTIFF'S MOTION TO
COMPEL DISCOVERY - 10
[Case No. 2:18-cv-01308-RSL]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON 98121
TEL. (206) 223-0303  FAX (206) 223-0246

counsel's representations confirm it—cost savings and convenience apparently were *primary* factors in defendants' adoption of InterQual criteria. *See* Glor Decl., *Exh. I* ("McKesson was able to provide a technologically integrated product that worked with Premera's existing Facets claims system that would make review more efficient and help shorten turn-around time."); *see* Sec. 3, *below*. The present motion seeks to discover the very information plaintiff sought in his prior motion and that the Court deemed discoverable, but that is not contained within the documents defendants have produced. *See In re: Vitamins Antitrust Litig.*, 216 F.R.D. 168, 172, 174 (D.D.C. 2003) (rejecting defendant's argument that "there is simply nothing any additional deponent can add other than what is set forth in the timeline itself, because the source of knowledge of the testimony would be the timeline and the underlying documents—all of which have been produced and authenticated" on the basis that "the two forms of discovery are not equivalent" and "it is not up to [defendant] to determine what discovery Plaintiffs need.") (internal citations and quotations omitted). Accordingly, plaintiff's motion to compel should be granted.

### 3. Defense counsel's explanation is not substantive evidence that can be used in this litigation.

Defendants' counsel offered a rationale for Premera's selection of the InterQual criteria. *See* Glor Decl., *Exh. I*. But defense counsel's unsworn hearsay statement in an email is inadmissible. Plaintiff is entitled to sworn testimony directly from a representative of Premera about the process by which it selected the InterQual Criteria; the roles and qualifications of all participants in the decision; the legal, financial and other factors and alternatives that were considered; and the content of discussions and presentations leading up to the decision, and whether and how it ensured that the criteria were consistent with the terms of the Plan and generally accepted medical

PLAINTIFF'S MOTION TO
COMPEL DISCOVERY - 11
[Case No. 2:18-cv-01308-RSL]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON 98121
TEL. (206) 223-0303   FAX (206) 223-0246

practice. Counsel's mere assertions in an email do not fulfill defendants' discovery obligations. *See id.*

### IV.  CONCLUSION

For the foregoing reasons, this Court should grant plaintiff's Motion to Compel Deposition(s) pursuant to Rule 30(b)(6).

DATED:  February 18, 2021.

        SIRIANNI YOUTZ
        SPOONEMORE HAMBURGER PLLC

        *s/ Eleanor Hamburger*
        Eleanor Hamburger (WSBA #26478)
        Richard E. Spoonemore (WSBA #21833)
        3101 Western Avenue, Suite 350
        Seattle, WA  98121
        Telephone:  (206) 223-0303
        Facsimile:  (206) 223-0246
        ehamburger@sylaw.com
        rspoonemore@sylaw.com

        MEGAN E. GLOR ATTORNEYS AT LAW

        *s/ Megan E. Glor*
        Megan E. Glor (Admitted Pro Hac Vice)
        707 NE Knott Street, Suite 101
        Portland, OR  97212
        Telephone:  (503) 223-7400
        Facsimile:  (503) 751-2071
        megan@meganglor.com

        Attorneys for Plaintiff S.L.

PLAINTIFF'S MOTION TO
COMPEL DISCOVERY - 12
[Case No. 2:18-cv-01308-RSL]

SIRIANNI YOUTZ
SPOONEMORE HAMBURGER PLLC
3101 WESTERN AVENUE, SUITE 350
SEATTLE, WASHINGTON  98121
TEL. (206) 223-0303   FAX (206) 223-0246