THE HONORABLE JUDGE ROBERT S. LASNIK

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

| | |
|---|---|
| S.L., by and through his parents and guardians, J.L. and L.L.,<br><br>        Plaintiff,<br><br>v.<br><br>PREMERA BLUE CROSS; AMAZON CORPORATE LLC GROUP HEALTH AND WELFARE PLAN; and AMAZON CORPORATE LLC,<br><br>        Defendants. | Case No.: 2:18-cv-01308-RSL<br><br>**DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION FOR EXTENSION OF DEADLINES AND TRIAL DATE**<br><br>**NOTE ON MOTION CALENDAR: AUGUST 19, 2022** |

## I.    INTRODUCTION

Plaintiffs missed the dispositive motion deadline in this case.  Defendants Premera and Amazon are willing to agree on a briefing schedule which allows Plaintiffs to cross-move for summary judgment so the Court can decide this ERISA matter on the papers, but respectfully requests that the Court deny Plaintiffs' Motion for Extension of Deadlines and Trial Date ("Extension Motion").  Dkt. 62.  Plaintiffs waited until the day of the dispositive motion deadline to file their Extension Motion.  Plaintiffs claim that they failed to comply with this Court's deadlines because they have a pending motion to compel a deposition.  This is an ERISA case, and Plaintiffs' deposition request is outside of the scope of the federal rules and discovery permitted under that statute.  For the reasons set forth in Premera's opposition to Plaintiffs'

DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION FOR
EXTENSION OF DEADLINES AND TRIAL DATE- 1
KILPATRICK TOWNSEND 76380279 1

**KILPATRICK TOWNSEND & STOCKTON LLP**
1420 FIFTH AVENUE, SUITE 3700
SEATTLE, WASHINGTON 98101
(206) 626-7713  FAX: (206) 260-8946

motion to compel Premera's deposition, Plaintiffs are not entitled to the discovery they seek.  Nor should they be permitted to use such unavailable discovery as pretext to evade their obligation to adhere to this Court's deadlines.

## II.    FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs brought this action under the Employment Retirement Income Security Act of 1974 ("ERISA"), 28 U.S.C. § 1001, *et seq*. on September 4, 2018.  Dkt. 1.  Plaintiffs allege that Premera, as administrator of the Amazon Corporate LLC Group Health and Welfare Plan (the "Plan"), incorrectly determined that S.L.'s stay at a facility in Utah was not medically necessary under the terms of the Amazon Plan.  *Id.*

Plaintiffs have previously brought two motions to compel discovery.  *See* Dkts. 28 ("Motion to Compel Production") *and* 50 ("Motion to Compel Rule 30(b)(6) Deposition").  On August 17, 2020, this Court granted Plaintiffs' Motion to Compel Production on grounds that Plaintiffs were entitled "limited discovery regarding the existence, extent, and effect of a conflict of interest on the part of the plan administrator…" Dkt. 47, at 3 (citing *Abatie v. Alta Health & Life Ins. Co.*, 458 F.3d 955, 970 (9th Cir. 2006) (en banc)).  Premera thereafter complied with this Court's order and produced the documentation Plaintiffs requested.   Plaintiffs then brought a new motion seeking to depose Premera's Rule 30(b)(6) representative.  Dkt. 50.  The parties fully briefed that motion and await the Court's decision.

This matter is governed by a case schedule.  Dkt. 58 ("Amended Order Setting Trial Date & Related Deadlines").   Under the case schedule, dispositive motions were due August 9, 2022.  Defendants filed a motion for summary judgment on that date.  Late in the day on August 9, Plaintiffs emailed counsel for Defendants demanding that they stipulate to an extension of this Court's deadlines.  Defendants responded that they would stipulate to a briefing schedule that worked for Plaintiffs that accommodated their scheduling needs and would allow them to a file a cross-motion in response to Defendants' Motion for Summary Judgment.  Decl. of G. Payton – Ex. A.

DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION FOR
EXTENSION OF DEADLINES AND TRIAL DATE- 2
KILPATRICK TOWNSEND 76380279 1

**KILPATRICK TOWNSEND & STOCKTON LLP**
1420 FIFTH AVENUE, SUITE 3700
SEATTLE, WASHINGTON 98101
(206) 626-7713  FAX: (206) 260-8946

### III.    ARGUMENT

**A. Plaintiffs Have Not Shown Good Cause for the Requested Extensions.**

This case has been pending since September of 2018.  Defendants are willing to work with Plaintiffs to propose to the Court a briefing schedule that allows them to cross-move for summary judgment in response to Defendants' Motion for Summary Judgment.   But Plaintiffs have not shown good cause under Fed. R. Civ. P. 6(b)(1)(A) and LCR 16(b)(6) to avoid the dispositive motion deadline.

As an initial matter, Plaintiffs waited until the day their motion for summary judgment became due to request an extension of this deadline.  The Ninth Circuit has held that district courts do not abuse their discretion in denying motions to extend deadlines brought on or after the deadline in question.  *See e.g.*, *Manzano v. Calif. Dep't of Motor Vehicles*, 467 Fed. Appx. 683, 685 (9th Cir. 2012) (district court did not abuse discretion in denying motion for extension of time to amend complaint where "Manzano sought neither a timely extension under F.R.C.P. 6(b)(1)(A) before the deadline for filing a second amended complaint, nor an extension under F.R.C.P. 6(b)(1)(B) for excusable neglect after the deadline had passed.").   Rule 6(b)(1)(A) specifies that an extension motion may be granted—provided good cause is shown—"if a request is made, *before the original time or its extension expires*…"   The deadline for Plaintiffs' motion for summary judgment expired August 9, 2022.

Nor have Plaintiffs shown good cause to extend the deadline for their opposition to Premera's summary judgment motion or to alter the trial date.  As was briefed extensively in Premera's opposition to Plaintiffs' motions to compel, ERISA does not allow unfettered discovery beyond the administrative record—only "*some* discovery aimed at demonstrating a conflict of interest" may be appropriate.  *Welch v. Metropolitan Life Ins. Co.*, 480 F.3d 942, 949-50 (9th Cir. 2007) (emphasis original); *see also*, *e.g.*, *Abatie*, 458 F.3d at 970 ("The district court may, in its discretion, consider evidence outside the administrative record to decide the nature, extent, and effect on the decision-making process of any conflict of interest."); *Jebian v. Hewlett-Packard Co. Employee Benefits Org. Income Prot. Plan*, 349 F.3d 1098, 1110 (9th Cir. 2003)

DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION FOR
EXTENSION OF DEADLINES AND TRIAL DATE- 3
KILPATRICK TOWNSEND 76380279 1

**KILPATRICK TOWNSEND & STOCKTON LLP**
1420 FIFTH AVENUE, SUITE 3700
SEATTLE, WASHINGTON 98101
(206) 626-7713  FAX: (206) 260-8946

("While under an abuse of discretion standard or review is limited to the record before the plan administrator, this limitation does not apply to *de novo* review."); *Tremain v. Bell Indus.*, *Inc.*, 196 F.3d 970, 976-77 (9th Cir. 1999) (holding that extrinsic "evidence may be considered to determine if a plan administrator's decision was affected by its conflict of interest.").

Premera, following this Court's order on Plaintiffs' Motion to Compel Production (Dkt. 28), produced documents concerning Premera's decision to utilize the InterQual criteria, as Plaintiffs requested. Those documents did not demonstrate the existence of a conflict of interest. Plaintiffs' desire to conduct additional, follow-on discovery violates ERISA[1] and does not warrant this Court's extension of deadlines and the trial date in this matter. Defendants Premera and Amazon are, however, willing to agree on a briefing schedule which allows Plaintiffs to cross-move for summary judgment so the Court can decide this ERISA matter on the papers.

## IV.    CONCLUSION

For the foregoing reasons, Premera respectfully requests that the Court deny Plaintiffs' Extension Motion.

DATED this 17th day of August, 2022.

KILPATRICK TOWNSEND & STOCKTON LLP


By  */s/ Gwendolyn C. Payton*
Gwendolyn C. Payton, WSBA No. 26752
gpayton@kilpatricktownsend.com
Telephone: (206) 626-7713
Facsimile: (206) 260-8946

*Counsel for Defendants Premera Blue Cross;*
*Amazon Corporate LLC Group Health and*
*Welfare Plan; and Amazon Corporate LLC*

---

[1] The purpose of ERISA is to balance "the need for prompt and fair claims settlement procedures against the public interest in encouraging the formation of employee benefit plans." *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 54, 107 S. Ct. 1549, 1556 (1987). The Ninth Circuit has recognized ERISA's goal of "keeping costs and premiums down, and minimizing diversion of benefit money to litigation expense." *Kearney v. Standard Ins. Co.*, 175 F.3d 1084, 1094 (9th Cir. 1999).

DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION FOR
EXTENSION OF DEADLINES AND TRIAL DATE- 4
KILPATRICK TOWNSEND 76380279 1

**KILPATRICK TOWNSEND & STOCKTON LLP**
1420 FIFTH AVENUE, SUITE 3700
SEATTLE, WASHINGTON 98101
(206) 626-7713  FAX: (206) 260-8946

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 17th day of August, 2022, I electronically filed the foregoing **DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION FOR EXTENSION OF DEADLINES AND TRIAL DATE** with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following:

> **Megan E Glor**
> MEGAN E. GLOR, ATTORNEYS AT LAW
> 707 NE KNOTT STREET, STE 101
> PORTLAND, OR 97212
> 503-223-7400
> Fax: 503-751-2071
> Email: megan@meganglor.com
>
> **Eleanor Hamburger**
> **Richard E Spoonemore**
> SIRIANNI YOUTZ SPOONEMORE HAMBURGER
> 3101 WESTERN AVENUE STE 350
> SEATTLE, WA 98121
> 206-223-0303
> Fax: 206-223-0246
> Email: ehamburger@sylaw.com
> Email: rspoonemore@sylaw.com

DATED this 17th day of August, 2022.

**Kilpatrick Townsend & Stockton LLP**

By: *s/ Gwendolyn C. Payton*
    Gwendolyn C. Payton, WSBA #26752
    *Attorneys for Defendants Premera Blue Cross,*
    *Amazon Corporate LLC Group Health and*

CERTIFICATE OF SERVICE

KILPATRICK TOWNSEND 76380279 1