THE HONORABLE ROBERT S. LASNIK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

S.L., by and through his parents and
guardians, J.L. and L.L.,

                Plaintiff,

    v.

PREMERA BLUE CROSS, AMAZON
CORPORATE LLC GROUP HEALTH
AND WELFARE PLAN, and AMAZON
CORPORATE LLC,

                Defendants.

Case No. 2:18-cv-01308-RSL

PLAINTIFF'S REPLY IN SUPPORT OF
PLAINTIFF'S MOTION TO (1) EXTEND
DEADLINE FOR FILING OF PLAINTIFF'S
OPPOSITION TO DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT
(DKT. #59); (2) EXTEND DEADLINE FOR
FILING OF PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT; AND (3) STRIKE
TRIAL DATE AND RELATED
DEADLINES (DKT. #58) PENDING THE
COURT'S RULING ON PLAINTIFF'S
PENDING MOTION TO COMPEL (DKT.
#50)

**Noted for Consideration: August 19, 2022**

## I.    ARGUMENT

Plaintiff's dispositive motion and plaintiff's opposition to defendants' motion for

summary judgment cannot reasonably be briefed or decided until after the Court rules

on plaintiff's pending Motion to Compel Premera's Rule 30(b)(6) deposition (Dkt. #50).

The outcome of the motion to compel will impact the contents of the record for judicial

Megan E. Glor, Attorneys at Law
707 NE Knott Street, Suite 101
Portland, OR  97212
503-223-7400

review in this ERISA-governed benefit case. *See* Dkt. # 50, pp. 1-2. If the motion is

granted and Premera is deposed, the Court may exercise its discretion to consider the

deposition testimony in its judicial review of Premera's coverage denial decision. *See*

Dkt. # 62, p. 3 (citing *Stephan v. Unum Life Ins. Co. of Am.*, 697 F.3d 917, 970 (9th Cir.

2012)("the court may consider evidence beyond that contained in the administrative

record . . . to determine whether a conflict of interests exists that would affect the

appropriate level of scrutiny")).

All parties have been aware since July 13, 2022 that "[t]he law clerk has

completed her recommendation…" on the motion to compel and that a decision is

forthcoming. *See* Declaration of Megan E. Glor, Ex. A. All parties reasonably knew that

it would be premature to file dispositive motions until the decision is issued.

Defendants' opposition appears to be little more than a restatement of their

opposition to plaintiff's motion to compel. They once again erroneously argue that

plaintiff's "deposition request is outside of the scope of the federal rules and discovery

permitted under that statute." Dkt. # 63, p. 1; *See* Dkt. # 52, pp. 6-7.

However, the Court previously concluded in granting plaintiffs' motion to

compel document discovery (Dkt. # 28) that the evidence plaintiff seeks through his

pending motion to compel is discoverable:

> Despite defendants' assertions to the contrary, "[p]laintiff is not seeking to
> take discovery on the off chance that [he] will uncover a conflict of
> interest: [he] already has evidence of  irregularities in the claims handling
> procedure that resulted in the [denial] of benefits." <u>Vancleave v. Boeing
> Co. Non-Union Long Term Disability Plan</u>, No. C09-1512RSL, 2010 WL  23
> 8946093, at *2 (W.D. Wash. June 15, 2010)…The discovery plaintiff seeks is
> relevant and narrowly tailored to these issues, on which the Court will
> likely hear evidence.[2] <u>See Vancleave</u>, 2010 WL 8946093, at *2. Accordingly,

Megan E. Glor, Attorneys at Law
707 NE Knott Street, Suite 101
Portland, OR  97212
503-223-7400

plaintiff's motion to compel production of documents responsive to his
Second Requests for Production is GRANTED.

Dkt. #47, p. 4. Plaintiff filed the pending motion to compel Premera's *Rule 30(b)(6)*

*deposition* after reviewing Premera's Court-ordered *document* production and finding

that the documents "did not provide the complete information that plaintiff sought."

Dkt. # 62, p. 3 (*quoting* Dkt. #50, pp. 2, 4-5).

Defendants filed their dispositive motion knowing it was premature to do so

because the Court has not ruled on plaintiff's motion to compel. *Both* parties reasonably

knew that the case schedule would have to be extended and should have attended to

requesting extension before the day of the dispositive motion deadline. Rather than take

shared responsibility for that oversight, defendants take the unreasonable position that

the deadlines should not be extended.[1] Their position is illogical and unreasonable, and

therefore, their motion should be denied.

/ /

/ /

/ /

/ /

/ /

/ /

/ /

---

[1] The Court previously extended the deadlines in this case pending its rulings on
plaintiff's discovery motions, including the present motion. *See* Dkt. #62, p. 3 (citing Dkt
#44, #58).

Page 3 - PLAINTIFF'S REPLY IN SUPPORT OF PLAINTIFF'S
MOTION TO EXTEND DEADLINES AND STRIKE TRIAL DATE
AND RELATED DEADLINES PENDING THE COURT'S RULING
ON PLAINTIFF'S PENDING MOTION TO COMPEL
(No. 2:18-cv-01308-RSL)

Megan E. Glor, Attorneys at Law
707 NE Knott Street, Suite 101
Portland, OR  97212
503-223-7400

## II.    CONCLUSION

For the foregoing reasons, plaintiff respectfully requests that the Court grant his

motion to extend and strike case deadlines.

Dated: August 18, 2022

s/ Eleanor Hamburger
Eleanor Hamburger, WSBA No. 26478
ehamburger@sylaw.com
3101 Western Avenue, Suite 350
Seattle, WA 98121
Telephone: 206-223-0303
Facsimile: 206-223-0246


s/ Megan E. Glor
Megan E. Glor, OSB #930178
(admitted *pro hac vice*)
707 NE Knott Street, Suite 101
Portland, OR  97212
Telephone: 503-223-7400
Facsimile: 503-751-2071

Page 4 - PLAINTIFF'S REPLY IN SUPPORT OF PLAINTIFF'S
MOTION TO EXTEND DEADLINES AND STRIKE TRIAL DATE
AND RELATED DEADLINES PENDING THE COURT'S RULING
ON PLAINTIFF'S PENDING MOTION TO COMPEL
(No. 2:18-cv-01308-RSL)

Megan E. Glor, Attorneys at Law
707 NE Knott Street, Suite 101
Portland, OR  97212
503-223-7400