UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| S.L., by and through his parents and guardians, J.L. and L.L., <br><br> Plaintiff, <br><br> v. <br><br> PREMERA BLUE CROSS, et al., <br><br> Defendants. | Case No. C18-1308-RSL <br><br> ORDER GRANTING MOTION TO COMPEL DISCOVERY |

This matter comes before the Court on plaintiff's "Motion to Compel Discovery" (Dkt. # 50). Having reviewed the submissions of the parties and the record contained herein, the Court finds as follows:

I.     **Background**

This action arises under the Employee Retirement Security Act of 1974 ("ERISA"). Dkt. # 1. Plaintiff S.L., by and through his parents, seeks coverage for his mental health treatment at Catalyst, a residential treatment center in Utah. Id. Plaintiff received coverage under the Amazon Corporate LLC Group Health and Welfare Plan (the "Plan") through his father, an Amazon employee. Id. at ¶ 1, 13. Amazon Corporate LLC ("Amazon") self-insures and administers the Plan, and Premera Blue Cross ("Premera") serves as the claims processor. Id. at ¶¶ 2-4.

On May 16, 2016, Premera denied the preauthorization request for plaintiff's treatment at Catalyst as not medically necessary. See Dkts. # 29-5 (Ex. E), # 29-6 (Ex. F). On September 19, 2016, plaintiff's parents initiated a first-level appeal, see Dkt. # 29-8 (Ex. H), which was

ORDER GRANTING MOTION TO COMPEL
DISCOVERY - 1

denied on September 26, 2016, Dkts. # 29-11 (Ex. K), # 29-13 (Ex. M). Plaintiff's parents subsequently proceeded with a second-level appeal on November 16, 2016, Dkt. # 29-12 (Ex. L), which was denied on December 20, 2016, Dkt. # 29-15 (Ex. O). Thereafter, plaintiff initiated this ERISA action to challenge defendants' benefits determination. Dkt. # 1.

## II. Motion to Seal

As a threshold matter, the Court finds that compelling confidentiality concerns outweigh the public's interest in disclosure of records regarding plaintiff's juvenile mental health. The Court further finds that the risk of competitive harm to Premera and its licensor McKesson outweighs the public's interest in disclosure of documents containing Premera and McKesson's trade secrets. The Court therefore grants Premera's "Motion to File Under Seal Exhibits 5-20 to Declaration of Gwendolyn C. Payton in Support of Premera's Opposition to Plaintiffs' Motion to Compel Rule 30(b)(6) Deposition" (Dkt. # 54).

## III. Motion to Compel Discovery

Because the Plan confers discretion on Premera to determine eligibility for benefits and to construe the terms of the Plan, the standard for this Court's review is abuse of discretion. See Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 115 (1989). When reviewing ERISA cases for abuse of discretion, courts are generally limited to the administrative record. See Abatie v. Alta Health & Life Ins. Co., 458 F.3d 955, 970 (9th Cir. 2006) (en banc). However, even under this deferential standard, limited discovery regarding the existence, extent, and effect of a conflict of interest on the part of the plan administrator has long been permitted in ERISA cases. See id.

When a plaintiff is entitled to discovery beyond the administrative record in an ERISA case, this discovery is subject to the limitations of the Federal Rules of Civil Procedure. The plaintiff may only "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1); see also Hancock v. Aetna Life Ins. Co., 321 F.R.D. 383, 389-90 (W.D. Wash. 2017). The Court must limit the frequency or extent of discovery that is outside the scope of Rule 26(b)(1) or otherwise unreasonably cumulative or duplicative, among other requirements. Fed. R. Civ.

P. 26(b)(2)(C).  The party seeking to compel discovery has the burden of establishing that its requests are relevant.  Doe v. Trump, 329 F.R.D. 262, 270 (W.D. Wash. 2018) (citing Fed. R. Civ. P. 26(b)(1)).  "[T]he party who resists discovery has the burden to show that discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections."  Id. (quoting Blemaster v. Sabo, No. 2:16-CV-04557 JWS, 2017 WL 4843241, at *1 (D. Ariz. Oct. 25, 2017)).

On August 17, 2020, the Court granted plaintiff's motion to compel production of documents responsive to his Second Request for Production.  Dkt. # 47 at 5.  This discovery related to defendants' adoption and utilization of the InterQual criteria for claims processing.  Id. at 2.  In granting that motion, the Court rejected defendants' assertion that there was no conflict of interest.  Id. at 3.  Rather, the Court found that plaintiff had pointed to evidence showing that a conflict of interest may indeed have impacted defendants' benefits determination.  Id. at 3-4.[1]

Here, plaintiff again seeks discovery regarding the InterQual coverage criteria that Premera used when it denied his request for continued residential mental health coverage under the Plan, this time via a Federal Rule of Civil Procedure 30(b)(6) deposition of Premera. Premera concedes that plaintiff seeks to depose it regarding the same topics as the Second Requests for Production, and the Court already compelled defendants to produce documents responsive to those Requests.  See Dkt. # 52 at 1.  Premera nonetheless objects to the deposition on the grounds that the topics do not go to conflict of interest, the topics are too broad, and Premera has already produced all information that it has on the topics.  Id.

---

[1] This included evidence showing that: (1) defendants denied coverage because the information from Catalyst was out-of-date, but defendants allowed Catalyst only 90 minutes to obtain the requested information from plaintiff's prior therapy program, (2) Premera's first-level appeal reviewer considered records only from the day of plaintiff's admission to Catalyst even though his parents provided additional medical documentation and despite that the InterQual criteria describe a look-back of 24 hours to six months, (3) Premera's second-level appeal panel did not include a mental health specialist, and (4) one of Premera's appeal panelists expressed a strong disinclination for residential treatment centers, despite clear Plan language describing medically necessary coverage of residential mental health treatment.  Dkt. # 47 at 3-4.

ORDER GRANTING MOTION TO COMPEL
DISCOVERY - 3

Premera largely rehashes arguments made in its response to plaintiff's original motion to compel discovery.[2] These arguments ignore the fact that the Court already concluded that plaintiff had shown sufficient evidence of a potential conflict of interest to obtain discovery, and that discovery regarding the InterQual coverage criteria was relevant to this conflict. The Court is not persuaded by Premera's argument that "[t]he actual documents conclusively show that there is no conflict." Dkt. # 52 at 8. For example, as plaintiff argues, "increased efficiency," which Premera indicates was one motivation for adopting InterQual, may signal a cost-savings motive. See Dkts. # 52 at 5, # 57 at 4.

While Premera states that the deposition topics are too broad, it provides no specific argument regarding why they are too broad or how they should be narrowed. Premera also again ignores the fact that the Second Requests for Production were similarly broad.[3] Premera has therefore failed to carry its burden on this argument as well.

Premera's arguments that the deposition would be duplicative are likewise unavailing. Premera argues that it has already produced all on-topic information and that any gaps are because Premera "simply did not conduct the type of analysis that [plaintiff] seeks information about." Dkt. # 52 at 9. Premera posits that this scenario is equivalent to that in Hancock, and that the Court should therefore follow the Hancock court's lead and deny plaintiff's deposition request. Premera is mistaken. In Hancock, there was "no indication that the written discovery regarding Aetna's training and supervision of its employees during the period Ms. Hancock's claim and appeal were pending [was] insufficient." Hancock, 321 F.R.D. at 395. Here, plaintiff asserts that Premera has failed to produce discovery regarding "the rationale behind Premera's decision to adopt the InterQual Criteria, including the medical, legal, economic and other factors Premera reviewed or any alternatives Premera considered." Dkt. # 50 at 2. This situation is

---

[2] Reading both memoranda in turn evokes a sense of déjà vu, as large portions are nearly, if not completely, identical. Compare Dkt. # 31 at 6-8 with Dkt. # 52 at 6-8.

[3] To the extent that plaintiff's deposition notice includes topics beyond the InterQual criteria, the Court notes that Premera raised no arguments regarding the impropriety of these topics, and therefore considers any such objections waived.

ORDER GRANTING MOTION TO COMPEL
DISCOVERY - 4

therefore unlike Hancock because plaintiff asserts insufficiency of the written discovery. Premera claims that a deposition would not reveal any new information relevant to plaintiff's requests.  However, plaintiff need not take Premera's word for it – he is entitled to a deposition. See Doe, 329 F.R.D. at 274 ("Parties are ordinarily entitled to test interrogatory responses and document production through depositions."); see also Hancock, 321 F.R.D. at 394 (finding that defendants had not adequately shown that deposition regarding claims handling policies and procedures would be duplicative of written discovery regarding claims handling policies and procedures).

## IV.    Conclusion

For all of the foregoing reasons, IT IS HEREBY ORDERED that:

1. Plaintiff's Motion to Compel Discovery (Dkt. # 50) is GRANTED.

2. Premera's Motion to File Under Seal Exhibits 5-20 to Declaration of Gwendolyn C. Payton in Support of Premera's Opposition to Plaintiffs' Motion to Compel Rule 30(b)(6) Deposition (Dkt. # 54) is GRANTED.

DATED this 22nd day of August, 2022.

*[signature]*
Robert S. Lasnik
United States District Judge