UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| S.L., by and through his parents and guardians, J.L. and L.L.,<br><br>Plaintiff,<br><br>v.<br><br>PREMERA BLUE CROSS, et al.,<br><br>Defendants. | Case No. C18-1308-RSL<br><br>ORDER GRANTING MOTION FOR EXTENSION OF TIME |

This matter comes before the Court on plaintiff's "Motion to (1) Extend Deadline for Filing of Plaintiff's Opposition to Defendants' Motion for Summary Judgment (Dkt. # 59); (2) Extend Deadline for Filing of Plaintiff's Motion for Summary Judgment; and (3) Strike Trial Date and Related Deadlines (Dkt. # 58) Pending the Court's Ruling on Plaintiff's Pending Motion to Compel (Dkt. # 50)" (Dkt. # 62). Having reviewed the submissions of the parties and the record contained herein, the Court finds as follows:

This action arises under the Employee Retirement Security Act of 1974 ("ERISA"). Dkt. # 1. Plaintiff S.L., by and through his parents, seeks coverage for his mental health treatment at Catalyst, a residential treatment center. Id. Plaintiff received coverage under the Amazon Corporate LLC Group Health and Welfare Plan (the "Plan") through his father, an Amazon employee. Id. at ¶ 1, 13. Amazon Corporate LLC ("Amazon") self-insures and administers the Plan, and Premera Blue Cross ("Premera") serves as the claims processor. Id. at ¶¶ 2-4.

On February 18, 2021, plaintiff moved to compel the Rule 30(b)(6) deposition of Premera relating to the InterQual coverage criteria that Premera used when it denied S.L.'s

ORDER GRANTING MOTION FOR EXTENSION
OF TIME - 1

request for continued residential mental health coverage through the Plan. See Dkt. # 50. Dispositive motions were due on August 9, 2022. See Dkt. # 58. On August 9, 2022, defendants filed a motion for summary judgment. See Dkt. # 59. On that same date, plaintiff filed the instant motion. See Dkt. # 62. Plaintiff did not file a motion for summary judgment before the dispositive motions due date. On August 22, 2022, the Court granted plaintiff's motion to compel the Rule 30(b)(6) deposition of Premera. See Dkt. # 67.

Plaintiff moves the Court to (1) extend the deadline for plaintiff's opposition to defendants' motion for summary judgment from August 29, 2022, until 45 days after the Court rules on plaintiff's motion to compel discovery, (2) extend the deadline for plaintiff to file a motion for summary judgment from August 9, 2022, until 45 days after the Court rules of plaintiff's motion to compel discovery, (3) strike the trial date and all other related deadlines pending the Court's ruling on plaintiff's motion to compel discovery. See Dkt. # 62 at 2-3.

"When an act may or must be done within a specified time, the court may, for good cause, extend the time . . . ." Fed. R. Civ. P. 6(b)(1); see also Local Rules W.D. Wash. LCR 16(b)(6).

Plaintiff argues that good cause exists to extend these deadlines because adjudication of plaintiff's motion to compel discovery is necessary to determine the scope of the evidence that the Court will consider in its judicial review of Premera's denial decision, and that it would therefore be premature for the Court to consider summary judgment before the scope of the record is determined. See id. at 3-4.[1] Defendants oppose plaintiff's motion largely on the ground that plaintiff is not entitled to the deposition sought in his motion to compel discovery. See Dkt. # 63 at 1, 3-4. The Court, however, disagrees with defendants' position regarding the propriety of the deposition. See Dkt. # 67. The Court concludes that good cause exists to

---

[1] Plaintiff cites to Stephan v. Unum Life Ins. Co. of Am., 697 F.3d 917, 970 (9th Cir. 2012) for the proposition that "the court may consider evidence beyond that contained in the administrative record . . . to determine whether a conflict of interests exists that would affect the appropriate level of scrutiny." Dkts. # 62 at 2, 4, # 65 at 2. This quote, however, is not from Stephan – in fact, the Stephan opinion does not include a page 970. This quote is properly attributed to Abatie v. Alta Health & Life Ins. Co., 458 F.3d 955, 970 (9th Cir. 2006).

ORDER GRANTING MOTION FOR EXTENSION
OF TIME - 2

extend these deadlines to ensure that the scope of the record is determined before the Court considers motions for summary judgment.

For all of the foregoing reasons, IT IS HEREBY ORDERED that plaintiff's motion (Dkt. # 62) is GRANTED:

1. The Clerk of Court is directed to re-note defendants' motion for summary judgment (Dkt. # 59) to Friday, October 14, 2022. Plaintiff's response is due on Monday, October 10, 2022. Defendants' reply, if any, is due Friday, October 14, 2022.

2. The dispositive motions deadline (Dkt. # 58) is extended from Tuesday, August 9, 2022, to Thursday, October 6, 2022. All dispositive motions must be filed by such date and noted on the motion calendar no later than the fourth Friday thereafter. Counsel shall hold an additional settlement conference no later than Wednesday, September 21, 2022.

3. The motions *in limine* due date, pretrial order due date, trial briefs and trial exhibits due date, and trial date (Dkt. # 58) are STRICKEN.

4. Teri Roberts, Judicial Assistant, will contact counsel with available trial dates.

DATED this 22nd day of August, 2022.

Robert S. Lasnik
United States District Judge

ORDER GRANTING MOTION FOR EXTENSION OF TIME - 3